## CLARK v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1924. Rehearing Denied May 28, 1924.)

No. 4251.

1. **Indictment and information ⬅99—Reference to other counts held sufficient adoption.**

Where only scheme and artifice set out in indictment for using mails to defraud was contained in second count, a reference to "said scheme and artifice" in other counts *held* a sufficient adoption.

2. **Criminal law ⬅753(2)—General rule as to submission of issues to jury.**

Where testimony is such that reasonable men will not differ on issue, a peremptory charge for defendant should be given; but, if it is otherwise, issue must be submitted to jury.

In Error to the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

C. A. Reid Clark was convicted of using the mails to defraud, and he brings error. Affirmed.

J. M. Foster, Frank J. Looney, and W. A. Wilkinson, all of Shreveport, La. (Foster, Looney, Wilkinson & Smith, of Shreveport, La., on the brief), for plaintiff in error.

Aubrey M. Pyburn, of Shreveport, La. (Philip H. Mecom, U. S. Atty., of Shreveport, La., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. This case comes on for hearing upon writ of error to the District Court for the Western District of Louisiana. C. A. Reid Clark and E. H. Van Harlingen were indicted by the grand jury for conspiracy to use the mails to defraud and for using the mails to defraud. The first count charged the conspiracy; this count was eliminated by the court on demurrer. The four following counts charge the using the mails to defraud. C. A. Reid Clark was arrested and placed on trial on these four counts, and a conviction had on counts 4 and 5. The demurrer was overruled as to counts 2, 3, 4, and 5.

The second count sets out the scheme and artifice to defraud, and this scheme or artifice is referred to and adopted by the words, "so having devised said scheme and artifice to defraud, in for executing the said scheme and artifice." The scheme and artifice set out in the second count is that Clark and Van Harlingen would acquire or pretend to acquire an oil lease on 20 acres of land in Claiborne parish, in said Western district, and would represent to certain persons and others that said lease was worth $20,000; that they would sell said lease to purchasers in what was called "Clark $100 oil unit system"; that said lease would be divided in 500 units, or equal parts, and sold for $100 each, and the purchaser of each unit would be given a deed for the undivided interest in the lease for each unit so acquired; that 250 units were to be sold to provide a fund, to be deposited in escrow in the Exchange National Bank in Shreveport, and be released only to the drilling contractor as the work progressed; that the drilling would commence as soon as sufficient money was realized from the sale of units; that the letters to be written would be signed "C. A. Reid Clark, Exchange National Bank, Shreveport, Louisiana," to induce the belief in the public that said Clark was officially connected with said bank; that they would pretend to offer a prize of 5 units to the person selling the highest number of units during August, 1920, and that said 5 units had been given to the vice president of the bank, when in truth and fact the lease to be acquired would be of little or no value, and would revert in June, 1920, for the failure to drill a well and pay rentals and renewals, would not place the proceeds of the sale of units in escrow, would not drill a well as soon as sufficient funds were received, and would not give to the vice president of the bank the 5 units to be given as a prize; and that they would convert the proceeds of sale of the units to their own personal use.

Count 4 then charges that on May 19, 1920, the defendants deposited and caused to be deposited in the post office for transmission in the mails at Shreveport, La., a certain letter and pamphlet, in an envelope duly stamped, and addressed to one Frank Coulthard, Santa Rosa, N. M., in furtherance of said scheme and artifice. The fifth differs from the fourth count materially only in the date and person to whom the letter and pamphlet was addressed; the date being April 19, 1920, and the person being Henry P. McKnight, Charleston, S. C.

The plaintiff in error has seven assignments of error in the record. The first and sixth were argued and insisted upon in both argument and brief. The first assignment is that the court erred in refusing the mation to quash; the second, that the court erred in refusing his charge requesting a peremptory charge to find him not guilty, made after the conclusion of all the testimony.

[1] The contention under the first error assigned is that the reference to the scheme and artifice to defraud is not sufficiently pointed out in the two counts on which he was convicted. We have quoted the language of adoption contained in those counts and think it sufficient. There was only one scheme and artifice set out, and that was contained in the second count. "Said scheme and artifice" could refer to no other than that stated in the second count, and no opportunity was af-

forded for the defendant to have been misled. The scheme and artifice is set out so fully that the defendant below was fully informed with what he was charged, and is ample to protect him from a second prosecution for the same offense. There was no error in the ruling of the court on the demurrer to the counts.

[2] At the close of the government's testimony the defendant requested a peremptory charge to find him not guilty, and this request was renewed at the close of all the testimony, and the refusal of the court to give it properly excepted to. The principles of law governing the court's action in circumstances of this kind are well established and understood, and need no citation of authorities. If this testimony is such that reasonable men will not differ upon the issue, a peremptory charge should be given; but, if it is otherwise, the issue must be submitted to the jury. An examination of the evidence convinces us that the issue in this case was properly submitted to the jury, and that the court committed no error in refusing the requested charge.

We have examined the other errors assigned, as to the admission of testimony and refusal of tendered evidence, and find no reversible error.

The judgment of the court is therefore affirmed.